(No. 5179- ▇▇▇▇▇▇▇▇)

CARGILL, INCORPORATED, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 10, 1964.*

SORLING, CATRON AND HARDIN, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

PEZMAN, J.

The complaint in this case was predicated upon a written contract entered into on October 30, 1962 with the Department of Public Works and Buildings, Division of Highways, whereby claimant, Cargill, Incorporated, agreed to sell to respondent 96,000 pounds of snow and ice salt at a total price of $640.80.

The Report of the Division of Highways, dated September 17, 1964, and signed by A. R. Tomlinson, Supervisor of Claims, states that the rock salt was duly delivered, as ordered. It acknowledges that the amount due therefore

was the usual and customary charge for rock salt in Whittington, Illinois, the community to which it was delivered; and, further, that the only reason that the bill was not paid was due to the fact that the invoice therefore was not received by the Division of Highways until the appropriation from which payment could have been made had lapsed.

A written stipulation was entered into between claimant and respondent, by their respective attorneys, which, in part, is as follows:

"The State of Illinois, Division of Highways, was unable to make payment pursuant to said agreement, because the appropriation for it had lapsed on September 30, 1963, and by that reason alone claimant has been denied payment.

"Claimant is justly entitled to the amount claimed, namely, $640.80, after allowing all just credits."

This Court has repeatedly held that, where a contract has been (1) properly entered into; (2) services satisfactorily performed, and materials furnished in accordance with such contract; (3) proper charges made therefor; (4) adequate funds were available at the time the contracts were entered into; and, (5) the appropriation for the biennium from which such claim could have been paid had lapsed, it would enter an award for the amount due. *American Oil Company, Inc., A Corporation,* vs. *State of Illinois,* Case No. 5109, opinion filed June 26, 1964; *The Pittsburg and Midway Coal Mining Company, A Corporation,* vs. *State of Illinois,* Case No. 5147, opinion filed July 24, 1964. It appears that all qualifications for an award have been met in the instant case.

Claimant, Cargill, Incorporated, is, therefore, hereby awarded the sum of $640.80.